## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MICHELLE L.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 3:17-CV-2796-BH |
| | § | |
| **NANCY A. BERRYHILL, ACTING** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

By consent of the parties and the order of transfer dated December 28, 2017 (doc. 16), this

case has been transferred for the conduct of all further proceedings and the entry of judgment.

Before the Court is *Plaintiff's Motion to Alter or Amend Judgment*, filed March 9, 2019 (doc. 21).

Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

## I. BACKGROUND

On September 3, 2013, Michelle L. (Plaintiff) filed her application for supplemental security

income (SSI) under Title XVI of the Social Security Act (Act), alleging disability beginning on

January 20, 2008. (doc. 12-1 at 71.)[1] Her claim was denied initially on April 4, 2014, and upon

reconsideration on November 10, 2014. (*Id*. at 71, 86.) On December 18, 2014, she requested a

hearing before an Administrative Law Judge (ALJ). (*Id*. at 101.) She appeared and testified at a

hearing on January 21, 2016. (*Id*. at 40-57.) On August 11, 2016, the ALJ issued a decision finding

that she was not disabled and denying her claim for benefits. (*Id*. at 24-33.) Plaintiff timely

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page
numbers at the bottom of each filing.

appealed the ALJ's decision to the Appeals Council on August 25, 2016.  (*Id.* at 149.)  The Appeals Council denied her request for review on August 14, 2017, making the ALJ's decision the final decision of the Acting Commissioner of Social Security (Commissioner).  (*Id.* at 5.)  On October 11, 2017, Plaintiff filed her complaint under 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Commissioner.  (*See* doc. 1.)

In her brief, Plaintiff only expressly raised one issue.  (doc. 17 at 3, 11.)  She argued that the ALJ erred in relying on the testimony of the vocational expert (VE) to find that there were jobs existing in significant numbers in the national economy that she could perform.  (*Id.*)  On March 6, 2019, the Court entered a judgment affirming the Commissioner's decision.  (*See* docs. 19-20.)  On March 9, 2019, Plaintiff moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  (doc. 21.)  The Commissioner filed her response on April 1, 2019, and the motion is now ripe for consideration.  (doc. 23.)

## II. RULE 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).   Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly."  *Id.* at 479, 483.  When considering a motion to alter or amend a judgment, "[t]he

2

court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff does not seek to alter or amend the judgment based on an intervening change in controlling law or the availability of new evidence. (*See* doc. 21.) Rather, she alleges that "the Court's decision was based on a clear error of fact or law." (*Id*. at 1.) She initially argues that she demonstrated she was prejudiced by the ALJ's failure to inquire at the hearing as to whether there was a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT). (*Id*. at 2.) She relies only on the arguments raised in her opening brief, however. (*See id*. at 2-4.) Because she essentially rehashes the evidence, legal theories, or arguments that were raised before the entry of judgment, she fails to identify any manifest error of law on this basis.

Plaintiff also argues that the Court failed to address her three additional points that the ALJ's first hypothetical to the VE was supported by the record and demonstrated that she could not perform other work, that the ALJ recognized Levi Armstrong's, Psy. D., opinion regarding her ability to tolerate normal pressures of competitive work environments but failed to account for such limitation, and that the ALJ failed to evaluate the weight to be given to the opinion of Darrell Horton, Ph. D. (doc. 21 at 4-5.) First, her opening brief did not expressly list these arguments as separate issues to be considered, as required by the scheduling order. (*See* docs. 13 at 2; 17.) Also, the brief argued that the ALJ's error in failing to inquire as to whether there was a conflict between the VE's testimony and the DOT was not harmless because there was "a direct conflict with how the jobs identified by the VE [were] defined as being performed in the DOT," and absent those jobs, there were no other jobs she could perform. (doc. 17 at 13-14.) It then contended that the first

hypothetical, which it appears to allege was supported by Dr. Armstrong's opinion, showed that she could not perform any other jobs. (*See id*. at 14-17.) The failure to specifically list these arguments as issues as required by the scheduling order and their wording suggested that the points were being made in support of her claim that the ALJ erred in failing to inquire about the conflict between the VE's testimony and the DOT, and that the error was not harmless. (*See id*. at 13-17.)

Second, two of Plaintiff's points were specifically addressed in the memorandum opinion. It noted her argument that the first hypothetical was supported by the record and demonstrated that there was no other work she could perform, and found that she had failed to identify any evidence showing that the limitations expressed in the residual functional capacity (RFC) determination would preclude her from performing the jobs identified by the VE in response to the third hypothetical. (*See* doc. 19 at 17.) Although the VE stated that the first hypothetical individual could not perform other work, the ALJ could properly reject portions of the VE's testimony that were based on hypotheticals that he subsequently found unsupported by the medical evidence. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). The opinion also noted that even if Plaintiff had properly raised any issue regarding the medical opinion evidence as required by the scheduling order, the ALJ specifically discussed Dr. Horton's report but relied on other medical opinions and evidence in determining that Plaintiff could perform other work. (*See* doc. 19 at 18 n.7); *see also Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981) ( "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."); *see also Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) ("Conflicts in the evidence are for the [ALJ] . . . to resolve."). These points essentially rehash the evidence, legal theories, or arguments that she previously raised in her opening brief and that were considered. (docs. 17 at 16-17; 21 at 5.)

As for the remaining point, even if it had been specifically raised as an issue in the opening brief, the ALJ specifically accounted for Dr. Armstrong's opinion that Plaintiff would have difficulty tolerating normal pressures of competitive work environments by restricting her "to unskilled work that would not involve the pressures associated with detailed or complex tasks." (doc. 12-1 at 31.) Plaintiff did not cite to any authority to show that restricting her to unskilled work would not account for the limitation expressed by Dr. Armstrong, and a reviewing court must defer to the ALJ's decisions. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Accordingly, Plaintiff also fails to identify any manifest error of law or fact on this basis.

In conclusion, because Plaintiff fails to identify any manifest error of law or fact, she has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

### III. CONCLUSION

Plaintiff's motion to alter or amend the judgment under Rule 59(e) is **DENIED**.

**SO ORDERED**, on this 23rd day of April, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE